UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ZENON CARRILLO ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-358 |
| | § | |
| US CUSTOMS AND BORDER | § | |
| PROTECTION AGENCY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Plaintiffs' Unopposed Motion to Reinstate Action and for Reconsideration of Rule 41(b) Dismissal and Final Judgment. (D.E. 5; 9; 10.)

On November 10, 2010, Plaintiff filed his complaint in this Court, bringing claims under the Federal Tort Claims Act, 28 U.S.C. § 1346. (D.E. 1.) On December 20, 2010, the Court held an Initial Pretrial Conference ("IPTC") in this action, at which counsel for Plaintiff did not appear, in violation of this Court's Order for Conference and Disclosure of Interested Parties. (D.E. 2 ¶ 1.) Counsel for Defendants did, however, attend the IPTC. After counsel for Plaintiff failed to appear, the Court sua sponte dismissed this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), as Plaintiff's counsel had not informed the Court of his inability to attend the IPTC and had failed to confer with Defendants to prepare a report as required by Federal Rule of Civil Procedure 26(f). (D.E. 3; D.E. 4.) On December 21, 2010, Plaintiff filed the Motion presently before the Court. (D.E. 5.) Counsel for Plaintiff seeks to reinstate this action, arguing that his failure to attend the initial pretrial conference was due to "ignorance and

an inadvertent oversight," with regard to scheduling.  (D.E. 5; 9; 10.)   Defendants do not oppose this Motion.

Despite Plaintiff's counsel's errors in this case, the Court is mindful of the need to avoid dismissals with prejudice when possible and the general preference for "lesser sanctions designed to achieve compliance with court orders and expedite proceedings." Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382 (5th Cir. 1978).  Lesser sanctions are particularly "favored where neglect is plainly attributable to an attorney rather than to his blameless client."  Id.  Moreover, the Court must seek to avoid injustice to a party, particularly when the party itself is not at fault.  Brown v. Mississippi Co-op Extension Serv., 89 Fed. Appx. 437, 439 (5th Cir. 2004).  The Court concludes that the client, Zenon Carrillo Ortiz, should not be punished by dismissal of his case due to his attorneys' errors.  To prevent manifest injustice and provide Plaintiff with a full opportunity to pursue his claims, the Court grants Plaintiff's Unopposed Motion to Reinstate Action and for Reconsideration of Rule 41(b) Dismissal and Final Judgment (D.E. 5; 9; 10), and vacates its earlier Order of Dismissal (D.E. 3) and Final Judgment (D.E. 4).  A new Order for Conference will issue after this Order.  Counsel for Plaintiff should be prepared to discuss appropriate sanctions for his actions in this case at the IPTC.

SIGNED and ORDERED this 3rd day of January, 2011.

_____
Janis Graham Jack
United States District Judge